IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JULIE SMITH, | 3:14-cv-00743-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| CAROLYN W. COLVIN,<br>Commissioner, Social Security<br>Administration, | |
| Defendant. | |

**H. PETER EVANS**
610 S.W. Broadway, Suite 405
Portland, OR 97205
(503) 200-2718

      Attorney for Plaintiff

**BILLY J. WILLIAMS**
Acting United States Attorney
**RONALD K. SILVER**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1044

1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**JORDAN D. GODDARD**
Special Assistant United States Attorneys
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104-7075
(206) 615-2733

       Attorneys for Defendant

**BROWN, Judge.**

Plaintiff Julie Smith seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Act.

This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Following a thorough review of the record, the Court **AFFIRMS** the final decision of the Commissioner.

## ADMINISTRATIVE HISTORY

Plaintiff filed her application for DIB on March 15, 2011.  Tr. 16.[1]  Her applications were denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on November 8, 2012.  Tr. 67.  At the hearing Plaintiff

---

[1] Citations to the official transcript of record filed by the Commissioner on September 19, 2014, are referred to as "Tr."

was represented by an attorney.  Plaintiff and a vocational expert (VE) testified at the hearing.  Tr. 67.

The ALJ issued a decision on December 21, 2012, in which she found Plaintiff is not entitled to benefits.  Tr. 16-25.  That decision became the final decision of the Commissioner on March 28, 2014, when the Appeals Council denied Plaintiff's request for review.  Tr. 1-3.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born on May 18, 1977; was 35 years old on the date of the hearing; and has a high-school education and certification as a nursing assistant.  Tr. 80, 82, 212, 224, 228.  Plaintiff has prior relevant work experience as a nurse's assistant.  Tr. 43, 102.

Plaintiff alleges disability since May 29, 2007, due to epilepsy, seizures, and sleep apnea.  Tr. 212, 224, 228.  Based on an ALJ decision on a prior application, however, the ALJ found the relevant period for determination of Plaintiff's disability began on October 31, 2009, and continued through December 31, 2009, Plaintiff's date last insured.  Tr. 16.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the

3 - OPINION AND ORDER

medical evidence.  *See* Tr. 18-23.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  It is "more than a mere scintilla" of evidence but less than a

preponderance.  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act.  *Keyser v. Comm'r of Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011).  *See also Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007); 20 C.F.R. § 404.1520.  Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful

5 - OPINION AND ORDER

activity.  20 C.F.R. § 404.1520(a)(4)(I).  *See also Keyser,* 648 F.3d at 724.

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout v. Comm'r Soc. Sec Admin.,* 454 F.3d 1050, 1052 (9th Cir. 2006).  *See also* 20 C.F.R. § 404.1520(a)(4)(ii); *Keyser*, 648 F.3d at 724.

At Step Three the Commissioner must determine whether a claimant's impairments meet or equal one of the listed impairments and are so severe that they preclude substantial gainful activity.  The claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations.  20 C.F.R. § 404.1520(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A

'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis when the ALJ is determining whether a claimant can still work despite severe medical impairments. An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'" SSR 96-8p, at *4.

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv). *See also Keyser,* 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). *See also Keyser,* 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of

a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since May 29, 2007, her alleged onset date.  Tr. 18.

At Step Two the ALJ found Plaintiff has the severe impairments of *petit mal* seizures, pseudotumor cerebri, obesity, high blood pressure, and sleep apnea.  Tr. 18-19.  The ALJ concluded Plaintiff's depression was not a medically determinable impairment.  Tr. 19.

At Step Three the ALJ found Plaintiff's impairments do not meet or equal the criteria for any impairment in the Listing of Impairments.  Tr. 19-20.  In her assessment of Plaintiff's RFC, the ALJ found Plaintiff has the functional capacity to perform a "less than the full range of light work" that restricts Plaintiff to standing no more than two hours total per day and no more than 30 minutes at a time; walking no more than five minutes at a time; sitting no more than six hours per day; occasionally climbing "ladders and stairs"; "never climb[ing] ladders, ropes or scaffolds"; and occasionally kneeling, crouching, and

8 - OPINION AND ORDER

crawling.  In addition, the ALJ found Plaintiff must avoid workplace hazards such as heights and machinery.  Tr. 20-23.

At Step Four the ALJ found Plaintiff is unable to perform her past relevant work as a nurse's assistant.  Tr. 23.

At Step Five, however, the ALJ found Plaintiff is capable of performing other work that exists in significant numbers in the national economy, including work as a "hand packager," "parking lot cashier," and "product assembler."  Tr. 24.  Accordingly, the ALJ found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 25.

## DISCUSSION

Plaintiff contends the ALJ erred when she (1) did not list Plaintiff's "joint pain" and depression as severe impairments at Step Two; (2) made inconsistent findings in the assessment of Plaintiff's RFC about how much Plaintiff could climb ladders; (3) failed to assess Plaintiff's ability to engage in sustained work or discuss Plaintiff's abilities on a regular and continuing basis in her assessment of Plaintiff's RFC; and (4) discounted Plaintiff's testimony without citing legally sufficient reasons for doing so.

**I.   Step Two**

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe

impairment or combination of impairments.  *Stout v. Comm'r Soc. Sec Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  *See also* 20 C.F.R. § 416.920(a)(4)(ii); *Keyser v. Comm'r of Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011).  A severe impairment "significantly limits" a claimant's "physical or mental ability to do basic work activities."  20 C.F.R. §§ 416.921(a), (b).  Such abilities and aptitudes include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervisors, co-workers, and usual work situations; and dealing with changes in a routine work setting.  *Id.*

    The Step Two threshold is low:

> [A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work . . . .  [T]he severity regulation is to do no more than allow the Secretary to deny benefits summarily to those applicants with impairments of a minimal nature which could never prevent a person from working.

Social Security Ruling 85-28, at *2 (Nov. 30, 1984)(internal quotations omitted).  To be included at Step Two the record evidence concerning an impairment must include "signs - the results of 'medically acceptable clinical diagnostic techniques,' such as tests - as well as symptoms, *i.e.*, [the claimant's] representations regarding [her] impairment."  *Ukolov v. Barnhart*,

10 - OPINION AND ORDER

420 F.3d 1002, 1005 (9th Cir. 2005).

The Ninth Circuit has held when the ALJ has resolved Step Two in a claimant's favor, any error in designating specific impairments as severe does not prejudice a claimant at Step Two if the ALJ properly considers the omitted condition later in the sequential analysis.  *Burch v. Barnhart*, 400 F.3d 676, 682-84 (9th Cir. 2005)(any error in omitting an impairment from the severe impairments identified at Step Two was harmless when Step Two was resolved in claimant's favor).

As noted, Plaintiff contends the ALJ erred by not finding "joint pain" and depression as a severe or medically determinable impairment at Step Two.  As to Plaintiff's alleged depression, there is not any evidence in the record, however, that Plaintiff had been diagnosed with or was being treated for that condition during the period relevant to Plaintiff's disability application (October 31, 2009, through December 31, 2009).  Accordingly, the ALJ properly did not include Plaintiff's depression as a severe impairment at Step Two.

As noted, Plaintiff contends her joint pain is a symptom of her obesity and that the ALJ erred when she did not list joint pain as a severe impairment.  The ALJ, however, listed obesity as a severe impairment at Step Two and included substantial physical limitations in her assessment of Plaintiff's RFC based on Plaintiff's obesity.  The ALJ, therefore, implicitly included

11 - OPINION AND ORDER

Plaintiff's joint pain at Step Two and considered it in formulating her assessment of Plaintiff's RFC.

On this record the Court concludes the ALJ did not err when she did not list depression or joint pain as severe limitations at Step Two.

**II.  ALJ's Assessment of Plaintiff's RFC**

    **A.  Inconsistent Findings in the RFC**

Plaintiff contends the ALJ's assessment of Plaintiff's RFC was deficient because the ALJ found Plaintiff could both "occasionally" and "never" climb ladders.  Indeed, the ALJ made contradictory statements concerning Plaintiff's ability to climb ladders in both the written opinion and in her initial hypothetical posed to the VE.  Tr. 20, 102.  It appears the ALJ initially misspoke at the hearing and that error was later transferred to the ALJ's written decision.  At the hearing, however, the ALJ subsequently clarified her hypothetical to the VE by stating that Plaintiff would be limited to never climbing ladders, but occasionally climbing ramps and stairs.  Tr. 106.  The VE testified Plaintiff could still perform the occupations that the ALJ relied on at Step Five.  The Court concludes the ALJ's error, therefore, was harmless.

    **B.  Scope of the RFC**

Plaintiff contends the ALJ erred in her assessment of Plaintiff's RFC because the ALJ did not address Plaintiff's

ability to sustain "work activity for eight hours a day, five days a week" and did not discuss those abilities in the context of a "regular and continuing basis." *See* SSR 96-8p, 1996 WL 374184, at \*2 (1996).

Plaintiff, however, does not point to any specific aspect of the ALJ's assessment of Plaintiff's RFC that suggests the ALJ did not assess Plaintiff's abilities on a regular and continuing basis. To the contrary, viewed as a whole it is clear that the ALJ's assessment of Plaintiff's RFC addresses Plaintiff's abilities on a regular and continuing basis to engage in sustained work activity.

Accordingly, on this record the Court concludes in her evaluation of Plaintiff's RFC the ALJ appropriately addressed Plaintiff's ability to engage in sustained work activity on a continuous basis.

**III. ALJ's Determination of Plaintiff's Credibility**

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony: The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986). *See also Spelatz v. Astrue*, 321 F. App'x 689, 692 (9th Cir. 2009). The claimant, however, need not produce

13 - OPINION AND ORDER

objective medical evidence of the actual symptoms or their severity.  *Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir. 1996). *See also Delgado v. Commissioner of Social Sec. Admin.*, 500 F. App'x 570, 570 (9th Cir. 2012).

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if she provides clear and convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient.  *Id*.  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints."  *Id*. (quoting *Lester*, 81 F.3d at 834).

At the November 8, 2012, hearing, Plaintiff testified she stopped working because she had a seizure at work, missed too much work thereafter, and lost her job as a result.  Tr. 83. Plaintiff testified she has "a blank kind of stare" and becomes disoriented during her seizures.  Tr. 87.  Plaintiff stated her seizures leave her confused, disoriented, weak, and tired, and the effects of a seizure can last for two days.  Tr. 83, 87. Plaintiff testified she experienced six seizures in the preceding six months and that she last experienced a seizure the morning of the hearing.  Tr. 87.  Plaintiff stated her seizure medication

was effective. Tr. 91.

Plaintiff stated she experiences significant joint pain and high blood pressure as a result of her obesity. Tr. 83. Plaintiff reported at the hearing that she is 5'5" tall and weighs 365 pounds. Tr. 93. Plaintiff testified her blood pressure is controlled by medication, but her joint pain results in her being unable to perform doctor-recommended exercise (although Plaintiff admitted she has not discussed that with her physician). Tr. 88-90. Plaintiff reported her joint pain is not constant, and once a day she experiences pain that is either a six or seven on a ten-point scale. Tr. 95-96. As a result of these conditions, Plaintiff stated she has to lay down once or twice a day for two-to-three hours, can only walk one-half of a block, can stand for 30 minutes, and can lift between five and ten pounds. Tr. 93, 98-99.

Plaintiff also testified she has depression that causes her to cry two or three times per day and for which she takes Zoloft. Tr. 91, 94. Plaintiff stated she began taking medication for depression approximately one month before the hearing. Tr. 92.

Plaintiff testified she uses a bi-level positive airway pressure (BiPAP) system to treat her sleep apnea, and the BiPAP has brought her sleep apnea under control. Tr. 92-93.

The ALJ discredited Plaintiff's testimony because (1) Plaintiff's allegations concerning her seizures were

15 - OPINION AND ORDER

inconsistent with her presentation at the hearing, (2) Plaintiff admitted she has not told her doctors about her inability to exercise due to joint pain, (3) Plaintiff's allegations are inconsistent with objective medical findings, (4) Plaintiff's treatment has been "essentially routine and conservative in nature," and (5) Plaintiff's primary-care physician opined Plaintiff did not have a medical condition that prevented her from working.

Plaintiff contends the ALJ cited insufficient reasons to reject Plaintiff's testimony because (1) the ALJ incorrectly found Plaintiff made inconsistent statements concerning her seizures and (2) the ALJ was not permitted to rely on inconsistencies between Plaintiff's allegations and the objective medical evidence.

The ALJ found Plaintiff's statements that she experiences confusion, disorientation, and fatigue for two days after seizures were inconsistent with her testimony that she had a seizure the morning of the hearing and the fact that she did not demonstrate any "after effects" at the hearing. Although an ALJ's observations of the claimant's function at the hearing may not constitute the ALJ's only reason for rejecting the claimant's testimony, the ALJ's observations "may be used . . . in 'the overall evaluation of the credibility of the individual's statements.'" *Orn v. Astrue*, 495 F.3d 625, 639-40 (9th Cir.

16 - OPINION AND ORDER

2007)(quoting SSR 96-7p, 1996 WL 374186, at *5).  *See also Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999).  Thus, on this record the ALJ could reasonably find Plaintiff's testimony and her presentation at the hearing without any observable "after effects" were inconsistent with her statements regarding the effects of other seizures generally.

Plaintiff also contends the ALJ improperly cited the inconsistency between Plaintiff's allegations and the objective medical evidence as a reason to discount Plaintiff's testimony.[2] It is well-established, however, that "[a]lthough lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."  *See Burch*, 400 F.3d at 681.  Accordingly, the ALJ did not err by pointing out the lack of objective medical evidence as a reason to reject Plaintiff's testimony.

Accordingly, on this record the Court concludes the ALJ did not err when she found Plaintiff's testimony was not credible because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

---

[2] Plaintiff, nevertheless, does not contend the objective medical evidence was, in fact, consistent with her allegations.

17 - OPINION AND ORDER

## **CONCLUSION**

For these reasons, the Court **AFFIRMS** the final decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 11th day of June, 2015.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge